UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| MICHAEL GEORGE VALDEZ § § vs. § § MIKE GRIFFIS, EDDIE MANCHA, TAELOR § WARNER, ANDREW LIGON, ROCKY § BRIGHT, CINDY VELASQUEZ, ROBIN § MCCULLOUGH, LORI HODKINS § | NO:  MO:23-CV-00039-DC |

## ORDER DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT
### [DOCKET NUMBERS 21 & 22]

On May 18, 2023, Plaintiff filed two separate but nearly identical Motions for Default Judgment. [docket numbers 21 & 22]. Therein, he asserts that Defendants are in default for their failure to timely reply. [*Id.* at 1]. He asks this Court to "rule in favor of the plaintiff." [*Id.*].

The Fifth Circuit has held that "default judgments are a drastic remedy not favored by the Federal Rules and resorted to by the courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A plaintiff is not entitled to a default judgment as a matter of right even where the defendant is technically in default. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2003) (per curiam). Instead, a default judgment is committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). Furthermore, "[f]ederal courts generally disfavor default judgments, preferring to resolve disputes according to their merits." *Harper MacLeod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001) (citations omitted); *see also Lewis*, 236 F.3d at 767.

The entry of a default judgment is not appropriate under the circumstances of this case, as Defendants have not "failed to plead or otherwise defend" in this action. *See* Fed. R. Civ. P. 55(a). The only reason Plaintiff asserted for a default judgment is that Defendants did not timely reply. [*See generally* docket numbers 21 & 22]. However, the Court would note that Defendants have timely filed a Motion to Dismiss, which has been construed by this Court as a Motion for Summary

Judgment. [docket numbers 20 & 23, respectively]. The Court would also note that Defendants' Motion to Dismiss arrived *prior* to Plaintiff's Motions for Default Judgment. [*See generally* docket].

In the Court's Order for Service and Advisory, the Court ordered the following: "Defendants shall have **40 days** from the date on which this Order is received to answer or otherwise plead in response to Plaintiff's claims." [docket number 6 at 1] (emphasis in original). Defendants did not receive the Order for Service and Advisory until April 10, 2023. [*See* docket number 16]. That would give Defendants until May 20, 2023 (or more accurately, until May 22, 2023 as May 20, 2023 is a Saturday) to file an answer or otherwise respond. As that time has not yet passed, Plaintiff's Motion for Default Judgment is both frivolous and premature.

There are only three ways for a plaintiff to obtain the type of relief he seeks: (1) a motion for default judgment under Rule 55; (2) a motion for judgment on the pleadings under Rule 12(c); and (3) a motion for summary judgment under Rule 56. Plaintiff cannot obtain a Rule 55 default judgment against Defendants because Defendants have appeared and answered. Plaintiff cannot obtain a Rule 12(c) judgment on the pleadings because his causes of action require fact findings and Defendants have challenged those facts by denying Plaintiff's claims in their converted Motion to Dismiss. [*See* docket number 20].

This leaves a motion for summary judgment as the only vehicle by which Plaintiff may obtain the dispositive relief he seeks. The Court is to liberally construe Plaintiff's *pro se* filings in a manner that conforms to the desired remedy. *United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996). This principle requires the Court to treat Plaintiff's motion as a summary judgment motion by process of elimination.

Considering Plaintiff's motion as a summary judgment motion is not an adverse act, and it is in line with his request for relief under Fed. R. Civ. P. Rule 56. [docket numbers 21 & 22]. It favors Plaintiff by providing the framework within which his request may properly be considered. His

motion fails though, not because it is construed as a summary judgment motion, but because it is not sufficient to prove up the matters necessary for Plaintiff to obtain dispositive relief at this time.

In the alternative, to determine whether to enter default judgment, the Court asks (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice to the non-defaulting party; (3) whether the grounds for default are clearly established; (4) whether the default was caused by either a good-faith mistake or excusable neglect; (5) the harshness of the default judgment; and (6) whether the Court would feel obligated to set aside a default judgment upon a post-judgment motion from the defendant. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (citing 10 Charles Alan Wright et al., Federal Practice and Procedure §2685 (2d ed. 1983)). As explained below, all six *Lindsey* factors weigh against entering default judgment in this case.

The first *Lindsey* factor asks whether there are material issues of fact at issue in the case. *Prive*, 161 F.3d at 893. A converted Motion to Dismiss has been filed. Consequently, there are material issues of fact in dispute.

The second *Lindsey* factor asks whether there has been substantial prejudice to the plaintiff from the defendants' default. As Defendants have not defaulted, because they did timely file a converted Motion to Dismiss, there is no prejudice to assess.

The third *Lindsey* factor asks whether the grounds for default are clearly established, which here they are not as a timely, and converted, Motion to Dismiss was filed by Defendants.

The fourth *Lindsey* factor asks whether the default was caused by either a good-faith mistake or excusable neglect. Since there was no default, this factor is irrelevant.

The fifth *Lindsey* factor asks about the harshness of the default judgment. The Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments," this policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process ... within the domain of the trial judge's discretion." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (quoting *Rogers v. Hartford Life &*

*Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)). Default judgment remains "a drastic remedy, not favored by the Federal Rules." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

And finally, the sixth *Lindsey* factor asks whether the Court would feel obligated to set aside a default judgment upon a post-judgment motion from the defendants. If this Court were to grant Plaintiff's Motions for Default Judgment, it would certainly be set aside in a post-judgment motion from Defendants since they timely responded to Plaintiff's §1983 claims in their converted Motion to Dismiss.

This Court finds that there currently is not enough of a reason to justify the extreme remedy of a default judgment in this case. Therefore, Plaintiff's Motions for Default Judgment are **DENIED**. [docket numbers 21 & 22].

It is so **ORDERED.**

**SIGNED this 19th day of May, 2023.**

_____
**DAVID COUNTS**
**UNITED STATES DISTRICT JUDGE**